## DANIEL W. AND LEETA CREARY *v.* STATE TAX COMMISSION

Donald J. Georgeson, Portland, represented plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered January 5, 1968.

EDWARD H. HOWELL, Judge.

Plaintiffs appeal from an income tax deficiency assessed by defendant for the tax year 1964.

The facts are not in dispute. In 1964 plaintiffs realized capital gains in the amount of $43,890.41 and elected to qualify for the special capital gains treatment under ORS 316.432, in effect at that time. In the same year plaintiffs had losses of $33,505.55 re-

sulting from rentals, an oil drilling venture and a business loss from a partnership.

The defendant contends that all of the losses mentioned above must be offset against the capital gains and only the balance treated as a capital gain under ORS 316.406, *et seq.* The plaintiffs argue that the only losses they are required to offset against their capital gains are losses arising from the sale or exchange of property.

The dispute centers around the proper statutory construction to be given to ORS 316.438, in effect in 1964, which stated:

"ORS 316.438. Offsetting losses against capital gains. Where the taxpayer elects to have special treatment of his capital gains for a tax year the entire capital gains shall be included in gross income of the taxpayer for such tax year and the taxpayer shall offset *all his losses recognized under this chapter, whether capital losses or not,* for such tax year, including any loss carryover from previous years, against his capital gains for the tax year. The taxpayer shall determine the order in which he wishes to offset the losses against his capital gains." (Emphasis supplied.)

■ Plaintiffs contend that by the use of the word "recognized" in the above statute the legislature intended to restrict the offsetting losses to those arising from sales or exchanges of property. It is true that the word "recognized" often is used in tax law in reference to sales or exchanges. For example, ORS 316.275 provides that "Upon the sale or exchange of property the entire amount of the gain or loss * * * shall be recognized * * *." ORS 316.281 also provides that no gain or loss shall be *recognized* in certain exchanges of property. However, ORS 316.438, *supra,* clearly

indicates that the offset was intended to include business or noncapital losses because it states that the taxpayer shall offset *"all his losses recognized* under this chapter, *whether capital losses or not."* (Emphasis supplied.)

It is not logical to assume that the legislature intended to restrict the offsetting losses to those arising from the sales or exchanges of property. If they had so intended to restrict the losses they would not have used such a general phrase as "losses recognized under this chapter, whether capital losses or not."[1]

■ It is unnecessary to compare the Oregon statute with the Internal Revenue Code because by its own terms the Oregon statute clearly and specifically does not restrict the losses to capital losses.

■ The remaining question is whether the plaintiffs' losses are losses recognized "under this chapter." This chapter, defined by ORS 316.005 as the "Personal Income Tax Act of 1953" includes ORS 316.320 which provides for the deduction of certain losses including uncompensated losses:

"* * * * *

"(a) If incurred in trade or business.

"(b) If incurred in any transaction entered into for profit, though not connected with the trade or business.

"* * * * *"

---

[1] ORS 316.436 also referred to the losses in general terms. It stated, in part:

"After deducting losses as required by ORS 316.438, to the extent that the taxpayer qualifies for special treatment of capital gains under this chapter, only the following percentages of the gain recognized upon the sale or exchange of a capital asset shall be taken into account.

"* * * * *"

Plaintiffs' losses were incurred under the above statute, consequently they must be included as off-sets to plaintiffs' capital gains for 1964.